Opinion filed May 29, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 29, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00202-CR 

                                                     __________

 

                               JOHNNY
PAUL BROCATO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee 

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR18218

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Johnny Paul Brocato of possession of a controlled substance with
intent to deliver.  The trial court assessed his punishment at confinement in
the Institutional Division of the Texas Department of Criminal Justice for a
term of forty years.  Appellant challenges his conviction and punishment in
five issues.  We affirm.

                                                               Background
Facts








Sergeant
Dennis Weathermon of the Brownwood Police Department testified that appellant=s bonding company contacted
the department to advise it that appellant had an outstanding warrant and that
he was staying at the Best Value Inn in Brownwood.  Based upon this
information, Brownwood police officers attempted to contact appellant in his
motel room.  After a lengthy period of time, a female opened the door of the
motel room.   Sergeant Weathermon observed a man=s
leg with a knife nearby when the female opened the door.  Sergeant Weathermon
entered the room upon making this observation.  The room was occupied by
appellant and his wife, Brenda Kay Brocato.  Appellant initially informed
Sergeant Weathermon that he was Michael Johnston, but he later admitted his
identity when confronted with  a photo.  Appellant=s wife also lied to the police about her
identity.  Sergeant Weathermon testified that the motel room Awas littered with narcotics
paraphernalia and narcotics.@ 
He observed numerous pipes used for consuming methamphetamine, cocaine, and
marihuana.  Sergeant Weathermon also observed a police scanner and small
plastic bags commonly used for packaging drugs.  

Agent
Billy Bloom of the West Central Texas Interlocal Crime Task Force subsequently
collected evidence from the motel room.  He obtained written consent to search
the room from appellant=s
wife.  She surrendered, at the outset of the search, a small canister
containing a substance that Agent Bloom suspected to be methamphetamine.  She
also handed Agent Bloom a plastic tub containing suspected crack cocaine. 
Appellant=s wife told
Agent Bloom that the methamphetamine belonged to her and that the crack cocaine
belonged to appellant.  Agent Bloom also observed small Aziplock@
bags that he testified were consistent with drug distribution, along with a
tray to package methamphetamine, a bulking agent to be added to drugs for
distribution, scales, and equipment for manufacturing drug pipes.  Agent Bloom
also testified that the radio frequency for the Brownwood Police Department had
been keyed into the scanner found in the motel room.

Officers
seized over five and one-half grams of methamphetamine from the motel room
along with approximately fifteen grams of marihuana and over one gram of
cocaine.  With regard to the amount of methamphetamine recovered from the room,
Agent Bloom testified that the amount  exceeded what a person would normally
possess for personal use.  He concluded that the large amount of
methamphetamine possessed by appellant and his wife indicated that they were
distributing the drug.  Agent Bloom additionally testified as follows:








Based on the
evidence seized in the room and the proximity of the evidence, various places
in the room, the packaging baggies, the scales, the quantity of
methamphetamine, the quantity of the crack cocaine, the various pipes, the
apparatuses and materials to make the paraphernalia, I charged them both with
the manufacture and delivery of a controlled substance, which also has the
title of possession [of] a controlled substance with intent to distribute.

 

Appellant
called his wife as a defense witness at trial.  She testified that she
purchased seven grams of methamphetamine in Fort Worth on the day before
appellant=s arrest
without appellant=s
knowledge and that he did not know that she had methamphetamine in the room.[1] 
She additionally testified that she was addicted to methamphetamine and that
appellant only used cocaine and marihuana.  Appellant=s wife also testified that the small baggies
were used to store her jewelry.

                                                             Issues

In
his first issue, appellant complains that he was required to appear before the
jury in jail clothes.  In his second issue, appellant contends that he was not
permitted to be represented by counsel of his own choosing.  In his third and
fourth issues, appellant attacks the sufficiency of the evidence.  In his fifth
issue, he argues that the trial court denied his right to review the
presentence investigation report at least forty-eight hours prior to
sentencing.

                      Jail Attire 

Appellant=s presentation of an issue
about wearing jail attire in the presence of the jury is the result of an error
in the record.  The original reporter=s
record filed in this case indicated that appellant was present in open court when
the trial court qualified the jury panel.  The original reporter=s record also appeared to
indicate that appellant was wearing jail clothes at this stage of the
proceedings.  Accordingly, appellate counsel presented an issue in appellant=s brief regarding appellant
wearing jail attire in the presence of the jury.  See Estelle v. Williams,
425 U.S. 501, 512 (1976) (Requiring a defendant to be tried in jail clothing
infringes upon the fundamental right to a presumption of innocence.). 








After
appellant filed his brief, the State initiated efforts for the reporter=s record to be corrected. 
In this regard, we abated the appeal so that the trial court could resolve the
discrepancy in the reporter=s
record.  The trial court requested the court reporter, appellant=s trial counsel, and the
prosecutor to prepare affidavits regarding appellant=s presence in the courtroom during the
qualification of the jury panel.  The trial court subsequently entered a
written order finding that the original reporter=s
record should be corrected to indicate that appellant was not present during
juror qualification.  The court reporter also filed a corrected reporter=s record stating that
appellant was not present when the trial court qualified the jury panel.  The
actions by the trial court and the court reporter comply with the requirements
of Tex. R. App. P. 34.6(e) for
correcting errors in the reporter=s
record.  Consequently, the reporter=s
record, as corrected,  indicates that appellant was not present before the jury
panel wearing jail attire.  Appellant=s
first issue is overruled.

                                                              Selection
of Counsel

Prior
to the commencement of voir dire, appellant advised the court that he wanted to
be represented by an attorney who had purportedly been retained by his mother. 
Appellant informed the court as follows: AYesterday
I talked to [my mother].  She said she called [the new attorney=s] office Friday and that B I=m assuming this morning she is making
arrangements for his pay and everything.  She is from Colorado.@  In response to a question
by the trial court, appellant indicated that he was unsure if his mother had
spoken with the new attorney.  Appellant also expressed his dissatisfaction
with his court-appointed attorney.  The trial court informed appellant that it
did not have enough information to believe that the new attorney had been hired
to represent appellant.  The trial court ultimately denied appellant=s motion for a new
attorney.

Appellant
complains in his second issue that the trial court=s ruling prevented him from being represented
by an attorney of his own choosing.  The right to assistance of counsel
requires that the accused Ashould
be afforded a fair opportunity to secure counsel of his own choice.@ Powell v. Alabama,
287 U.S. 45, 53 (1932); Ex parte Windham, 634 S.W.2d 718, 720 (Tex.
Crim. App. 1982). The right to obtain counsel of one=s own choice, however, is not unqualified or
absolute.  Windham, 634 S.W.2d at 720.  A defendant may not manipulate his
or her right to secure counsel of defendant=s
choice in a manner that obstructs the judicial process or interferes with the
administration of justice.  Rosales v. State, 841 S.W.2d 368, 374 (Tex.
Crim. App. 1992); see King v.  State, 29 S.W.3d 556, 566 (Tex.
Crim. App. 2000). We review the record to determine whether the trial court
could have reasonably concluded that the fair and efficient administration of
justice weighed more heavily in favor of denying the motion. Greene v. State,
124 S.W.3d 789, 794 (Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d).








We
conclude that the trial court did not act unreasonably in denying appellant=s request for a new
attorney to represent him at trial.  Appellant did not present his request for
a new attorney until 

the morning of
trial.  He was unable to confirm whether the new attorney had actually been
retained to represent him.  In this regard, the new attorney did not appear
with appellant at trial or inform the trial court or appellant=s trial counsel of his
willingness to serve as counsel in the case.  Furthermore, appellant did not
provide the court with any information as to the time that the new attorney
would need in order to prepare for trial.  Appellant=s second issue is overruled.

                                                        Sufficiency
of the Evidence

In
his third and fourth issues, appellant challenges the sufficiency of the
evidence supporting his conviction.  In order to determine if the evidence is
legally sufficient, we must review all the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664,
667 (Tex. Crim. App. 2000).  To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral light.
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling
in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson
v. State, 23 S.W.3d 1, 10‑11 (Tex. Crim. App. 2000); Cain v. State,
958 S.W.2d 404, 407‑08 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court
determines whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414‑15; Johnson, 23 S.W.3d at 10‑11.  The
jury, as the finder of fact, is the sole judge of the weight and credibility of
the witnesses=
testimony.  Tex. Code Crim. Proc. Ann.
art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).








In
cases involving unlawful possession of a controlled substance, the State must
prove that the accused exercised care, custody, control, or management over the
substance and that the accused knew that the matter possessed was contraband. Tex. Health & Safety Code Ann. ' 481.002(38) (Vernon Supp.
2007); Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Martin
v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). The State does not
have to prove that the accused had exclusive possession of the contraband;
joint possession is sufficient to sustain a conviction. Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986). When the accused is not in exclusive
possession of the place where the substance is found, his knowledge of and
control over the contraband cannot be established unless there are additional
independent facts and circumstances that affirmatively link the accused to the
contraband.  Poindexter, 153 S.W.3d at 405‑06.  Factors that may
affirmatively link an accused to contraband include the following:  (1) whether
the accused was present when the search was conducted; (2) whether the
contraband was in plain view; (3) whether the accused was in close proximity to
and had access to the contraband; (4) whether the accused was under the
influence of narcotics when arrested; (5) whether the accused possessed other
contraband or narcotics when arrested; (6) whether the accused made
incriminating statements when arrested; (7) whether the accused attempted to
flee; (8) whether the accused made furtive gestures; (9) whether there was an
odor of contraband; (10) whether other contraband or drug paraphernalia was
present; (11) whether the accused owned or had the right to possess the place
where the drugs were found; (12) whether the place where the drugs were found
was enclosed; (13) whether the accused was found with a large amount of cash;
and (14) whether the conduct of the accused indicated a consciousness of guilt.
 See Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). 

In
his third issue, appellant contends that the evidence was insufficient to
establish that he knowingly possessed methamphetamine.  He argues that the
items containing methamphetamine were either surrendered by his wife or in her
possession.  While appellant=s
wife testified that the methamphetamine belonged to her and that appellant did
not know about it, the jury was free to disbelieve her testimony.  Agent Bloom
recovered the methamphetamine from a small motel room that appellant and his
wife jointly occupied and controlled.  Officers testified that the room was
filled with drug paraphernalia that was in plain view, some of which included
methamphetamine pipes.  The State had to show only that appellant=s Aconnection with the drug was more than just
fortuitous.@ Poindexter,
153 S.W.3d at 405‑06.  








Appellant
asserts in his fourth issue that the evidence was insufficient to establish
that he possessed methamphetamine with an intent to deliver.  ADeliver@ means to transfer,
actually or constructively, a controlled substance to another. Tex. Health & Safety Code Ann. ' 481.002(8) (Vernon Supp.
2007).  Intent to deliver a controlled substance can be proved by
circumstantial evidence, including evidence that an accused possessed the
contraband. Patterson v. State, 138 S.W.3d 643, 649 (Tex. App.CDallas 2004, no pet.); Mack
v. State, 859 S.W.2d 526, 528 (Tex. App.CHouston
[1st Dist.] 1993, no pet).  Factors courts have considered include: (1) the
nature of the location at which the accused was arrested; (2) the quantity of
contraband in the accused=s
possession; (3) the manner of packaging; (4) the presence or lack thereof of
drug paraphernalia (for either use or sale); (5) the accused=s possession of large
amounts of cash; and (6) the accused=s
status as a drug user. Lewis v. State, 664 S.W.2d 345, 349 (Tex. Crim.
App. 1984); Williams v. State, 902 S.W.2d 505, 507 (Tex. App.CHouston [1st Dist.] 1994,
pet. ref=d). The
number of factors present is not as important as the logical force the factors
have in establishing the elements of the offense.  Gilbert v. State, 874
S.W.2d 290, 298 (Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d).
An oral expression of intent is not required.  AIntent
can be inferred from the acts, words, and conduct of the accused.@ Patrick v. State,
906 S.W.2d 481, 487 (Tex. Crim. App. 1995).  Expert testimony by experienced
law enforcement officers may be used to establish an accused=s intent to deliver.  See
Mack, 859 S.W.2d at 529.

As
noted previously, Agent Bloom testified that the amount of methamphetamine
recovered from the room exceeded the amount normally possessed by a drug user
for personal use.  Officers also found numerous items associated with drug
distribution, including scales, packaging materials, Abulking@
agents, a police scanner, and drug paraphernalia.  Additionally, appellant=s billfold contained over
$3,800 in cash. 

Viewing
the evidence in the light most favorable to the verdict, we hold that a
rational trier of fact could have found the essential elements of the charged
offense beyond a reasonable doubt. Jackson, 443 U.S. at 319. 
Furthermore, viewing all the evidence in a neutral light, favoring neither
party, we also conclude that the evidence supporting the verdict, taken alone,
is not so weak that the verdict is clearly wrong or manifestly unjust and that
the contrary evidence is not so strong that the verdict is against the great
weight and preponderance of the evidence.  See Watson, 204 S.W.3d at 414‑15. 
Appellant=s third and
fourth issues are overruled.

                                                    Presentence
Investigation Report

Appellant
asserts in his fifth issue that the trial court erred by failing to give him
forty-eight hours to review the presentence investigation report (PSI).  After
the jury returned its verdict on June 21, 2006, the trial court entered an order
requiring the preparation of a PSI.  The trial court subsequently sentenced
appellant on the following day.  The trial court made reference to the PSI at
sentencing.  








Unless
waived by the defendant, the trial court shall permit the defendant or his
attorney to read a PSI at least forty-eight hours before sentencing.  See
Tex. Code Crim. Proc. Ann. art.
42.12, ' 9(d) (Vernon
Supp. 2007).  The defendant or his attorney must be given the opportunity to Acomment on a presentence
investigation or a postsentence report and, with the approval of the judge,
introduce testimony or other information alleging a factual inaccuracy in the
investigation or report.@ 
Tex.Code Crim. Proc. Ann. art.
42.12, ' 9(e) (Vernon
Supp. 2007).  Appellant did not object to the trial court about not having
forty-eight hours to review the PSI.  See Tex. R. App. P. 33.1(a) (To preserve a complaint for
appellate review, a party must make a timely, specific objection and obtain a
ruling from the trial court.).  To the contrary, appellant=s trial counsel advised the
trial court that he and appellant had sufficient time to review the PSI. 
Appellant informed the trial court of a correction that needed to be made to
the PSI regarding his educational background.  Accordingly, appellant waived
his right to a review of the PSI forty-eight hours prior to sentencing. 
Appellant=s fifth
issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

May 29, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant did not testify during the guilt/innocence
phase.  However, he admitted during his testimony at the punishment hearing
that he knew about the methamphetamine being in the motel room.